Filed 6/17/24  In re T.A. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re T.A., a Person Coming Under the Juvenile Court Law. | B327380 (Los Angeles County Super. Ct. No. 22CCJP04155A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>A.S.,<br><br>        Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Marguerite D. Downing, Judge.  Dismissed.

Panda Kroll, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Jane Kwon, Principal Deputy County Counsel, for Plaintiff and Respondent.

A.S. (mother) appeals from the juvenile court's disposition order removing T.A. (the child) from her custody and placing the child with S.T. (father). We dismiss the appeal as moot.

On October 21, 2022, the Los Angeles County Department of Children and Family Services (Department) filed a Welfare and Institutions Code section 300[1] petition alleging, as subsequently amended, the following:

"The child['s] . . . mother . . . has displayed mental and emotional problems, including a diagnosis of Adjustment Disorder with Depression, which periodically renders her unable to adequately care for the child. On 10/13/2022, . . . mother was hospitalized for the evaluation and treatment of . . . [her] psychiatric condition. Such mental and emotional condition on the part of . . . mother endangers the child's physical health and safety, creates a detrimental home environment and places the child at risk of serious physical harm, damage and danger."

At the December 22, 2022, jurisdiction and disposition hearing, mother pleaded no contest to the amended section 300 petition. The juvenile court found mother had knowingly, intelligently, and voluntarily waived her right to trial and sustained the petition. The court ordered the child removed from mother and placed with father—it found that although mother

---

[1] All further statutory references are to the Welfare and Institutions Code.

was taking her medication, she was not in therapy; this was a serious matter; and it was concerned that father was not taking the matter as seriously as he should.

After mother filed her opening brief on appeal, the juvenile court ordered the child returned to "home of parents" and terminated jurisdiction over the child.[2]  Based on that order, the Department contends we should dismiss mother's appeal as moot because there is no relief we can grant her.

Mother responds that even if her appeal is moot, we should exercise our discretion to consider it because the juvenile court's disposition findings and order stigmatize her and may have a future adverse impact in family law and dependency proceedings; on her ability to parent the child, any other children she may have, or potential foster children; and on her ability to provide temporary care for related children.[3]

"A case becomes moot when events "'render[ ] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief.'" [(*Consol. etc. Corp. v. United A. etc. Workers* (1946) 27 Cal.2d 859, 863.)]  For relief to be 'effective,' two requirements must be met.  First, the plaintiff must complain of an ongoing harm.  Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks.  (See *id.* at p. 865.)" (*In re D.P.* (2023) 14 Cal.5th

---

[2]    We grant the Department's motion for judicial notice of the order.

[3]    We note that if there is any stigma in this matter, it arises from the jurisdiction allegation to which mother pleaded no contest—mother does not contest the court's exercise of jurisdiction on appeal—and only to a lesser degree from the court's disposition findings and order.

266, 276.)  "Even when a case is moot, courts may exercise their 'inherent discretion' to reach the merits of the dispute."  (*Id.* at p. 282.)

Because the juvenile court returned the child to the parents' custody and terminated jurisdiction, mother's challenge to the court's order removing the child from her custody is moot. (*In re Ca.M.* (2024) 100 Cal.App.5th 938, 944.)  We have considered the factors bearing on discretionary review of moot questions identified in *In re D.P., supra*, 14 Cal.5th at pages 286 through 287 and decline to exercise our discretion here.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

MOOR, Acting P. J.

LEE, J.*

---

\*     Judge of the San Bernardino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5